IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:07CR135-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ANDREW LEE MOORE | ) | |
| _____ | ) | |

THIS MATTER is before the Court upon a motion of the defendant for early termination of his supervised release, (Doc. No. 30), and the government's response in opposition, (Doc. No. 31).

After one year, Title 18, United States Code, Section 3583(e)(1) allows a court to terminate a defendant's term of supervised release if, after considering various Title 18, United States Code, Section 3553(a) factors "[the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* The defendant was convicted of possession of more than 600 images of child pornography. After rejecting the defendant's request for a below-guidelines sentence, the Court sentenced him to 80 months' imprisonment and a lifetime term of supervised release. Doc. 25. The defendant began his term of supervised release on August 20, 2013. Doc. 27.

The defendant notes that since he tested positive for cocaine in November 2015, he has been in full compliance with the terms of his supervision. Doc. 30 at 1. He asserts that the Court should end his supervision term because of his success on supervision as well as his work and limited criminal history. Doc. 30. The defendant also claims that he "presents the lowest degree of danger to the public." Doc. 30 at 3. The government contends that, as a sex offender, the defendant requires a more significant term of supervision than other types of offenders and that, based on the factors listed in Title 18, United States Code, Section 3553(a), the interest of justice requires the Court to deny the defendant's motion. Doc. 31.

The Court acknowledges that, with the exception of a positive drug test in 2015, the defendant has performed satisfactorily on supervised release. However, the Court expects him to, and the defendant has not otherwise demonstrated "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to

1

serve' general punishment goals." *Folks v. United States*, 733 F.Supp.2d 649, 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997)). Additionally, consideration of the applicable 3553(a) sentencing factors and the interest of justice requires continued supervision.

As they did at the defendant's sentencing hearing, the sentencing factors still weigh heavily in favor of lifetime supervision. The defendant paid to join a child pornography website and downloaded hundreds of child pornography images on a nightly basis. PSR ¶¶ 4, 7. He did this with ease—all he needed was a computer and an internet connection—and even though he knew it was wrong. PSR ¶7. He admitted he had trouble stopping. *Id*. The defendant also admitted that most of the child pornography he watched was of children between the ages of five and ten. *Id*. The defendant also said that when he was five and seven years old, he "had a lot of kid sex" with peers. *Id.* and Doc. 21, Ex. 4, p. 1.

In addition to this deviant and criminal behavior, the defendant has a history of drug and alcohol use. He has a conviction for driving while impaired, a psychologist diagnosed him with Cannabis Abuse, and he tested positive for cocaine two years into his term of supervised release. PSR ¶¶ 6, 28, 34, 35, 38, 48 and Doc. 21, Ex. 4, pp. 2, 4. Moreover, the defendant has had anger-management problems, and the psychologist found that he is at risk for engaging in porn-aided fantasies of child sexuality. Doc. 21, Ex. 4, pp. 2, 4.

Given his history, that the defendant apparently has stopped engaging in criminal activity, including drug use, is likely a tribute to law enforcement intervention and his time on supervision. Now, only seven years into his life term of supervision, is not the time to end supervision. The nature and circumstances of the offense, as well as his history and characteristics, weigh heavily in favor of keeping the defendant on supervised release.

Likewise, the Sentencing Commission's policy statements strongly weigh against early termination of the defendant's release. The Guidelines recommend that sex offenders receive the maximum term of supervised release, which in this case is life. U.S.S.G. §5D1.2(b). The defendant's suggestion that the Court should take action when the Sentencing Commission has not flouts the statutory requirement to consider the Sentencing Commission's policy statements. *See* 18 U.S.C. §§ 3583(e), 3553(a)(5). Although in its 2012 report the Commission stated that it was "considering" changing its recommendation of lifetime supervision for sex offenders, the Commission has not changed the recommendation. *See* U.S.S.G. § 5D1.2(b)(2).

Other sentencing factors, including "the need for the sentence imposed to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant," weigh against early termination. 18 U.S.C. § 3553(a)(2)(B) and (a)(2)(C). Although the defendant deleted most of the child pornography before agents seized his computer, by his own admission, "his mind has been fucked up by that damn internet," and he had a hard time attempting to stop his conduct, which he clearly knew was wrong. PSR ¶7. It is reasonable to conclude that law enforcement intervention, his incarceration, and his time on supervision has played a major role in preventing his recidivism. Continued monitoring of his computer use is essential and necessary to protect the public, as monitoring software and the knowledge that he is subject to supervision by the U.S. Probation Office have been effective deterrents. The sentencing factors and the interests of justice weigh heavily in favor of continued supervision.

The defendant is a sex offender who committed a serious crime with numerous victims and who has a troubling history. Congress and the Sentencing Commission have opined that people like him should serve lengthy terms of supervised release.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 30), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: November 9, 2020

Frank D. Whitney
United States District Judge